# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
### LAS CRUCES DIVISION

| | |
|---|---|
| **GABRIELA MUÑOZ,**<br>**Individually and on behalf**<br>**of all others similarly situated,**<br><br>              *Plaintiff,*<br><br>**v.**<br><br>**THOMAS L. CARDELLA &,**<br>**ASSOCIATES, INC.,**<br><br>              *Defendant.* | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Gabriela Muñoz ("Muñoz") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Thomas L. Cardella & Associates, Inc. (hereinafter "Defendant" or "TLC"), in the state of New Mexico, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 through 50-4-30.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her New Mexico state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and as a class action pursuant to the laws of New Mexico, pursuant to FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for TLC, in New Mexico, either from a call center or from home, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3.      Specifically, TLC has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees[1]—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.      TLC's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      TLC knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

---

[1] Call-center employees means all hourly, non-exempt employees in New Mexico who performed their work for TLC through a computer, handling customer phone calls, emails, and/or chat support, or who performed data entry for customers at a TLC call center or from home.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under their respective New Mexico state law claim as a Rule 23 class action.

9.      Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Muñoz be named as the Class Representative of the New Mexico Class.

## II.
## THE PARTIES

11.     Plaintiff Gabriela Muñoz was employed by TLC in Alamogordo, New Mexico during the relevant time period. Plaintiff Muñoz did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by TLC, anywhere in the state of New Mexico, at any time from June 16, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and were paid.

13.     The New Mexico Class Members are those current and former hourly call-center employees who were employed by TLC, in New Mexico, at any time after June 16, 2018 through the

---

[2] The written consent of Gabriela Muñoz is hereby attached as Exhibit "A."

final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Muñoz worked and was paid.

14.     Defendant Thomas L. Cardella & Associates, Inc.("TLC") can be served through its registered agent of service at: **National Registered Agents, Inc., 206 S. Coronado Ave., Espanola, New Mexico, 87532.**

### III.
### JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional New Mexico state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over TLC because the cause of action arose within this District as a result of TLC's conduct within this District.

18.     Venue is proper in the District of New Mexico because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Specifically, Plaintiff and the Putative Class Members worked at TLC's call center located in this District.

20.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### ADDITIONAL FACTS

21.     TLC is a global customer engagement and contact center with fifteen contact centers, that provides customer services, technical support services, and sales and marketing support to its business clients.[3]

---

[3]  https://tlcassociates.com/the-tlc-story/our-locations/.

22.     To assist its clients, TLC employs thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist TLC's customers and clients.

23.     Plaintiff and Putative Class Members worked for (and continue to work for) TLC in call centers owned and operated by TLC throughout the United States.

24.     Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by TLC's customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

25.     Plaintiff Muñoz was employed by TLC in customer service in Alamogordo, New Mexico from approximately October 2018 until May 2019.

26.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

27.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

28.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

*Unpaid Start-Up Time*

29.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for TLC as a result of TLC's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

30.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails/alerts, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty

minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

31.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

32.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

33.     Therefore, the only way a Putative Class Member can be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

34.     Additionally, TLC uses a time rounding system, wherein even if Plaintiff and the Putative Class Members did clock in early, before their shift start time, their time would be rounded downward.

35.     Therefore, even if Plaintiff and the Putative Class Members clocked in early, attempting to both be paid for the startup time and be ready by shift start, as required under TLC's policy, the time rounding system would erase their early clock in, and Plaintiff and the Putative Class Members would not be paid for that time.

36.     During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Work During Meal Period Breaks*

37.     TLC provides Plaintiff and the Putative Class Members with one unpaid thirty-minute meal break each day.

38.     However, TLC requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal breaks.

Original Collective/Class Action Complaint                                                          Page 6

39.     Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an "aux mode" and then log off of their computer prior to leaving their desk for their meal break.

40.     Plaintiff and the Putative Class Members were required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break ended.

41.     The log off process used prior to taking a meal break took (and continues to take) anywhere from one to three minutes each day.

42.     The log in process used after returning from a meal break took (and continues to take) take anywhere from another one to three minutes each day.

43.     This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break pursuant to TLC's policy, and was performed without compensation.

### *Unpaid Technical Downtime*

44.     Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

45.     Plaintiff and the Putative Class Members were not compensated for the time they worked for TLC rebooting TLC's computers after they crashed or experienced other technical difficulties.

### *Unpaid Rest Breaks Lasting Twenty Minutes or Less*

46.     In addition, TLC also enforced a uniform company-wide policy wherein it improperly required Plaintiff and the Putative Class Members to clock out for rest breaks lasting twenty minutes

or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

47.     TLC permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside of the two fifteen-minute breaks.

48.     Additionally, if Plaintiff or the Putative Class Members exceeded their fifteen-minute breaks, their supervisors would clock them out.

### *Unpaid Post-Shift Calls*

49.     Plaintiff and the Putative Class Members were (and still are) not permitted to hang up on customers and must finish every call regardless of how long each call takes.

50.     Plaintiff and the Putative Class Members frequently found (and continue to find) themselves handling calls past the end of their shift time on the last day of the week.

51.     These calls would cause Plaintiff and the Putative Class Members to go over their regularly scheduled forty (40) hour work shift each week.

52.     However, due to TLC's illegal time rounding policy, the time spent by Plaintiff and the Putative Class Members handling calls after their shift has ended is automatically deleted by the timeclock.

53.     Therefore, TLC does not pay Plaintiff and the Putative Class Members for their post-shift calls.

54.     As a result of TLC's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch breaks, requiring Plaintiff and the Putative Class Members to clock out for short breaks, and TLC's illegal time rounding policy that shaves off

any post-shift call time, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

55.     TLC has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

56.     TLC is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

57.     Because TLC did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, TLC's pay policies and practices willfully violate the FLSA.

58.     Because TLC did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, TLC's pay policies and practices also violate the state laws of Iowa, Texas and New Mexico.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

59.     Paragraphs 1–58 are fully incorporated herein.

**A.     FLSA COVERAGE**

60.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY THOMAS L. CARDELLA & ASSOCIATES, INC., ANYWHERE IN THE STATE OF NEW MEXICO, AT ANY TIME FROM JUNE 16, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

61.     At all times hereinafter mentioned, TLC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

Original Collective/Class Action Complaint                                    Page 9

62.     At all times hereinafter mentioned, TLC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

63.     At all times hereinafter mentioned, TLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

64.     TLC employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

65.     In performing the operations described above, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

66.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of TLC who assisted TLC's customers who live throughout the United States. 29 U.S.C. § 203(j).

67.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

68.     In violating the FLSA, TLC acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

69.     The proposed collective of similarly situated employees, i.e., putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 60.

70.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of TLC.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

71.     TLC violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

72.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of TLC's acts or omissions as described herein; though TLC is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

73.     Moreover, TLC knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

74.     TLC knew or should have known its pay practices were in violation of the FLSA.

75.     TLC is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

76.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted TLC to pay them in accordance with the law.

77.     The decision and practice by TLC to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

78.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

79.     All previous paragraphs are incorporated as though fully set forth herein.

80.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of TLC employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

81.     Other similarly situated employees of TLC have been victimized by TLC's patterns, practices, and policies, which are in willful violation of the FLSA.

82.     The FLSA Collective is defined in Paragraph 60.

83.     TLC's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of TLC, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

84.     Thus, Plaintiff' experiences are typical of the experiences of the FLSA Collective Members.

85.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

86.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

87.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

88.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and TLC will retain the proceeds of its systematic violations.

89.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

90.     Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 60 and notice should be promptly sent to putative class members.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.     NMMWA COVERAGE**

91.     Paragraphs 1-90 are fully incorporated herein.

92.     The New Mexico Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY THOMAS L. CARDELLA & ASSOCIATES, INC., ANYWHERE IN THE STATE OF NEW MEXICO, AT ANY TIME FROM JUNE 16, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("New Mexico Class" or "New Mexico Class Members").**

93.     At all times hereinafter mentioned, TLC has been an employer within the meaning of the NMMWA.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

94.     All previous paragraphs are incorporated as though fully set forth herein.

95.     The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

96.     The NMMWA also requires that employers, like TLC, pay employees for all of their earned wages.

97.     Plaintiff Muñoz and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

98.     Plaintiff Muñoz and other New Mexico Class Members worked hours for which they were not compensated, such that they worked more than forty (40) hours in workweeks during times relevant to this complaint.

99.     TLC violated the NMMWA by failing to pay Plaintiff Muñoz and other class members for all hours worked.

100.    TLC violated the NMMWA by failing to pay the correct overtime premium for hours worked over forty (40) per week.

101.    Plaintiff Muñoz and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though TLC is in possession and control of necessary documents and information from which Plaintiff Muñoz and the NMMWA Class Members would be able to precisely calculate damages.

102.    In violating the NMMWA, TLC acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

103.    The proposed class of employees, i.e., putative class members sought to be certified pursuant to the NMMWA, is defined in Paragraph 92.

104.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of TLC.

C.      **NMMWA CLASS ALLEGATIONS**

105.    Plaintiff Muñoz brings her NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by TLC to work in New Mexico since June 16, 2018.

106.    Class action treatment of Plaintiff Muñoz's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

107.    The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

108.    Plaintiff Muñoz is a member of the New Mexico Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

109.    Plaintiff Muñoz's claims share common questions of law and fact with the claims of the New Mexico Class Members.

110.    Plaintiff Muñoz and her counsel will fairly and adequately represent the class members and their interests.

111.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112.    Accordingly, the New Mexico Class should be certified as in Paragraph 92.

**VI.**
**RELIEF SOUGHT**

148.    Plaintiff respectfully prays for judgment against TLC as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 60 and requiring TLC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding TLC liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the New Mexico Class as defined in Paragraph 92, and designating Plaintiff Muñoz as Class Representative of the NMMWA Class;

e.      For an Order pursuant to New Mexico Law awarding Plaintiff Muñoz and the New Mexico Class Members unpaid wages and other damages allowed by law;

f.      For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff service awards as permitted by law;

j.      For an Order compelling the accounting of the books and records of TLC, at TLC's own expense;

k.     For an Order providing for injunctive relief prohibiting TLC from engaging in future violations of the FLSA and New Mexico state law, and requiring TLC to comply with such laws going forward; and

l.     For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 16, 2021                    Respectfully submitted,

                                         By: /s/ *Clif Alexander*
                                         **Clif Alexander**
                                         Texas Bar No. 24064805
                                         clif@a2xlaw.com
                                         **Austin Anderson**
                                         Texas Bar No. 24045189
                                         austin@a2xlaw.com
                                         **Lauren Braddy**
                                         Texas Bar No. 24071993
                                         lauren@a2xlaw.com
                                         **ANDERSON ALEXANDER, PLLC**
                                         819 N. Upper Broadway
                                         Corpus Christi, Texas 78401
                                         Telephone: (361) 452-1279
                                         Facsimile: (361) 452-1284

                                         ***Attorneys in Charge for Plaintiff and Putative Class Members***

Original Collective/Class Action Complaint                                    Page 17