IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELA MUÑOZ,

    Plaintiff,

v.                                            Civ. No. 2:21-cv-00558 MIS/KRS

THOMAS L. CARDELLA & ASSOCIATES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Conditional Certification and Notice to the Putative Class Members. ECF No. 24. Defendant responded to Plaintiff's Motion, and Plaintiff filed a reply. ECF Nos. 27, 28. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion. Plaintiff has made substantial allegations that the putative collective[1] members were together the victims of a single decision, policy, or plan, and the Court therefore finds that the Amended Complaint, ECF No. 22, satisfies the requirements for conditional certification.

## BACKGROUND

This case concerns claims brought by Plaintiff Gabriela Muñoz against Defendant Thomas L. Cardella & Associates, Inc., for violation of the Fair Labor Standards Act and the New Mexico Minimum Wage Act. ECF No. 24 at 1. Plaintiff, who was formerly employed by Defendant as a Customer Service Representative ("CSR"), asserts that

---

[1] This Motion concerns certification of the collective action, but the case law does not always distinguish, as "the terms 'collective action' and 'class action' are often used interchangeably when referring to FLSA claims brought on behalf of a group of those similarly situated." *Martin v. Tap Rock Res., LLC*, No. 2:20-cv-170 WJ/CG, 2020 WL 2129598, at *2 (D.N.M. May 5, 2020).

Defendant improperly required her and its other hourly call-center employees to perform work without pay prior to their official start times, as well as unpaid overtime. ECF Nos. 22 at 2; 24 at 5.

Defendant operates numerous call centers which provide customer service, technical support services, and sales and marketing support for its clients. ECF Nos. 22 at 4; 23 at 3. Plaintiff was hired as a CSR in October of 2018, and left her employment with Defendant in May of 2019. ECF Nos. 22 at 5; 23 at 3. During that period, she asserts that she was regularly required to perform work without pay prior to her official start time, and that she was improperly denied overtime pay. ECF Nos. 22 at 2; 24-1 at 3–4. She also alleges that "several hundred" other CSRs at the call center where she worked "all followed the same policies and procedures[.]" ECF No. 24-1 at 2. There is already a similar conditionally certified collective action pending against Defendant in the Northern District of Iowa, *Enger, et al. v. Thomas L. Cardella & Associates, Inc.*, No.1:20-cv-00078 CJW/KEM, 2021 WL 5035045 (N.D. Iowa Jan. 26, 2021), and three of the declarations submitted in support of Plaintiff's Motion were initially filed in support of that case. *See* ECF Nos. 24 at 3; 24-5, 24-6, 24-7.

In her Motion, Plaintiff asks that the Court authorize notice to the other call center employees impacted by Defendant's alleged misconduct "who were employed by [Defendant] in New Mexico, at any time from June 16, 2018 through the final disposition of this matter." ECF No. 24 at 2. In support of her Motion, she has submitted her own sworn declaration, the sworn declarations of six coworkers, a proposed notice schedule, proposed notice and consent forms, and the notice and consent forms from *Enger*. *See* ECF Nos. 24-1, 24-2, 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9, 24-10.

## LEGAL STANDARD

*I.     Fair Labor Standards Act*

The Fair Labor Standards Act ("FLSA") requires employers to pay covered employees who work longer than forty hours in a given workweek "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). As the Tenth Circuit has recognized, "[t]he purpose of FLSA overtime is to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (quoting *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948)).

Under the FLSA, an employee may bring a collective action on behalf of similarly situated employees as a remedy for violation of the FLSA. 29 U.S.C. § 216(b). The purpose of collective action is to lower costs for individual plaintiffs but nonetheless "vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). It also benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Id.* Unlike Federal Rule of Civil Procedure 23 class actions, putative collective members under the FLSA must opt into the collective rather than opting out. *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). To obtain these consents, after the court finds that members of the proposed

collective are sufficiently similarly situated, parties may send notice of the opportunity to opt into the collective action. *See*, *e.g.*, *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 431 (D.N.M. 2018).

    *II.    Two-Stage Collective Action Certification*

Under the *ad hoc* approach endorsed—but not mandated—by the Tenth Circuit, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen*, 267 F.3d at 1102. A court's initial determination "decides whether a collective action should be certified for purposes of notifying potential class members." *Bustillos v. Bd. of Cnty. Comm'rs of Hidalgo Cnty.*, 310 F.R.D. 631, 663 (D.N.M. 2015). In this initial stage, "the court does not decide the merits of the underlying claims or resolve factual disputes." *Id.* at 647.

While the plaintiffs bear the burden of proving they are "similarly situated" to other potential collective members, the burden is "not great." *Id.* at 663. The plaintiff "need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Bustillos*, 310 F.R.D. at 663 (quoting *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 376 (N.D.N.Y. 1995)). At this stage, a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996), *modified on recon.*, 962 F. Supp. 1346 (D. Colo. 1997)). "The court must determine whether the named and potential plaintiffs are 'similarly situated' based on the allegations in the complaint, which may be supported by sworn statements." *Deakin*, 328 F.R.D. at 432; *see also Landry v. Swire Oilfield Services*, L.L.C., 252 F. Supp.

3d 1079, 1114 (D.N.M. 2017) (stating that plaintiff "need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.").

Then, after this notice and the close of discovery, a court moves to the second stage of its analysis, "using a stricter standard of 'similarly situated.'" *Thiessen*, 267 F.3d at 1103. The court may then reevaluate the conditional certification, usually prompted by a defendant's motion to decertify the collective. *Id.* During the second stage of analysis, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required" before they commenced their lawsuit. *Id.*; *see also Deakin*, 328 F.R.D. at 432.

## DISCUSSION

Plaintiff has modified the proposed collective definition since filing the Amended Complaint, and now seeks conditional certification of the following collective:

> All hourly call-center employees who were employed by Thomas L. Cardella & Associates, Inc., in New Mexico, at any time from June 16, 2018 through the final disposition of this matter.

ECF No. 24 at 2. Plaintiff clarifies that an "hourly call-center employee" includes "any hourly employee who worked for [Defendant] either in a call center or remotely from home, who clocked in through the computer, and [whose] job duties included taking some outbound and/or inbound phone calls, emailing with customers, and/or handling internet chat services on behalf of TLC and/or its customers." *Id.* at 2 n.2. Plaintiff has included six sworn declarations of coworkers in support of her allegations. ECF Nos. 24-2, 24-3,

24-4, 24-5, 24-6, 24-7. Plaintiff contends that her substantial allegations, her declaration, and the declarations of her coworkers show that Defendant subjected its employees to a company-wide policy or plan which denied them proper overtime pay and pay for pre-shift work, in violation of the FLSA. ECF No. 24 at 5, 9, 11. Plaintiff therefore asks that the Court authorize notice to the other call-center employees employed by Defendant after June 16, 2018. ECF No. 24 at 18–19.

   I.  *Whether the Collective is Barred as Duplicative*

  Defendant argues that the instant collective is barred as duplicative of the collective which was certified in *Enger,* in which the Court approved notice to a collective consisting of "[a]ll hourly call-center employees who were employed by [Defendant], anywhere in the United States, at any time from August 12, 2017 through the final disposition of [that] matter." ECF No. 27 at 5; *see also Enger*, 2021 WL 5035045, at *2. Defendant argues that the pre-existing collective "completely encompasses the time period of the class sought here," and the scope of the class is "precisely the same," meaning that the same potential collective members for which Plaintiff seeks notice have already received notice of the opportunity to join a FLSA collective in *Enger.* ECF No. 27 at 5. Defendant contends that denying certification in this case would further the original purpose of the conditional certification and notice procedure of avoiding a multiplicity of duplicative suits. *Id.* at 7. Additionally, Defendant maintains that allowing an additional notice to the same potential plaintiffs risks harassment. *Id.* at 8.

  Plaintiff, meanwhile, contends that neither she nor any potential collective members have the ability to join *Enger*, given that the opt-in period closed in May 2021, and certifying this collective would thus involve zero overlap between plaintiffs. ECF No.

28 at 6. Further, she notes that employees who were hired after January 29, 2021, never received notice of that prior lawsuit. *Id.* at 7. Finally, Plaintiff argues that any trial or depositions would take place in New Mexico, which would be more convenient for in-state residents than traveling to Iowa to participate in *Enger*, and therefore likely result in more potential collective members opting in. *Id.*

The FLSA does not explicitly preclude successive claims by those who were eligible to join an earlier collective action but failed to do so. *See* 29 U.S.C.A. § 216(b); *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) ("[T]here is no indication that a second collective action was intended to be barred."). District courts have the authority to manage the process of joining multiple parties to a case, including a collective action certification. *See Hoffmann-La Roche, Inc.*, 493 U.S. at 171.

Defendant cites *Schucker v. Flowers Foods, Inc.*, 2017 WL 3668847 (S.D.N.Y Aug. 24, 2017), for the proposition that a plaintiff is not entitled to conditional certification of a collective that is "entirely duplicative" of the conditionally certified collective in an earlier-filed case. ECF No. 27 at 6. Plaintiff, meanwhile, cites *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Colo. 1999), for the proposition that later-filed collective actions are not barred in the Tenth Circuit, even where "each of the plaintiffs had the opportunity to participate in the first-filed collective and chose not to do so." ECF No. 28 at 5.

In *Enger,* the court conditionally certified the following collective:

> All hourly call-center employees who were employed by [Defendant], anywhere in the United States, at any time from August 12, 2017 through the final disposition of this matter.

2021 WL 5035045, at *2. Here, similarly, Plaintiff requests certification of a collective which includes:

7

> All hourly call-center employees who were employed by [Defendant], in New Mexico, at any time from June 16, 2018 through the final disposition of this matter.

ECF No. 24 at 2. There is thus indeed possible overlap between the Plaintiff's proposed collective and the conditionally certified collective in *Enger*—specifically, assuming no new hiring took place since Defendant's provision of the *Enger* collective list, Plaintiff's proposed collective would be entirely encompassed by the *Enger* collective.

The Court agrees with the *Schucker* court that "[d]uplicative FLSA collective actions have the potential to undermine the interests of judicial economy" and may lead to inconsistent results. *Schucker*, 2017 WL 3668847, at *5. However, in *Schucker*, unlike here, there were *twenty-three* other actions filed against the same defendants for the same cause of action. *Id.* Additionally, there, ninety-four of the ninety-five proposed plaintiffs had already received notice. *Id.*

Whether a given successive FLSA collective action is duplicative thus depends on the circumstances of the particular case. Indeed, the *Schucker* court itself explained that "at issue here is not a narrow or liberal construction of the statute, but rather a practical assessment of the relative costs and benefits of allowing Plaintiffs to maintain a collective action that appears to serve little purpose in enforcing the FLSA rights of potential class members," that is, "the issue is not whether the statute prohibits the initiation of two simultaneous collective actions, but rather whether conditional certification and notice are an appropriate exercise of the Court's discretion in a particular case." *Id.* at *5–6.

Here, the Court notes that the opt-in period for *Enger* closed in May 2021, and Defendant provided the collective list for that case on January 29, 2021. *See Enger*, 2021 WL 5035045, at *5; ECF No. 28 at 6. As Plaintiff notes, anyone who started working for

Defendant after January 29, 2021, thus never received notice of the earlier lawsuit. *See* ECF No. 28 at 7. The Court also observes that of the seven declarations attached to Plaintiff's Motion, no declarant worked for Defendant more than seventeen months, and two declarants worked for Defendant for six months or fewer. *See* ECF Nos. 24-1 (8 months), 24-2 (12 months), 24-3 (11 months), 24-4 (6 months), 24-5 (14 months), 24-6 (17 months), 24-7 (4 months). Given this rate of turnover, it seems possible that Defendant may have hired numerous new employees since its provision of the *Enger* collective list in January 2021, now nearly *nineteen* months ago. The Court therefore finds that the potential for some employees to receive two notices is outweighed by the fact that many will be receiving only their first.

Additionally, here, Plaintiff actually tried to join the *Enger* collective after the opt-in deadline had passed, but Defendant denied her request. ECF No. 28 at 6 n.2. Moreover, while Plaintiff admits that three of the declarations—that of Ms. Hill, Mr. Moreno, and Ms. Padilla—were submitted in the *Enger* lawsuit, ECF Nos. 24-5, 24-6, 24-7, she has also submitted three new declarations of New Mexico residents who are interested in joining the proposed collective—Ms. Gray, Mr. Brown, and Mr. Campbell, ECF Nos. 24-2, 24-3, 24-4. *See* ECF Nos. 24 at 3–4, n.5; 3, 13 (consenting to join). The Court agrees with Plaintiff that these individuals have an interest in joining a case that will be adjudicated in the state in which they are domiciled, as opposed to Iowa, where *Enger* was filed. *See* ECF Nos. 24; 24-8 at 3–4. The Court therefore finds that the instant case is not analogous to *Schucker*, but is instead more similar to *Yates,* in which the court noted that because "each plaintiff could . . . file his or her own suit, judicial efficiency demands that . . . these individual suits be consolidated. The opposite conclusion could lead to a party having to

defend itself in not two, but potentially hundreds of identical lawsuits." *Yates,* 58 F. Supp. 2d at 1218. For these reasons, and given the specific circumstances at play in this case, the Court finds that conditional certification of a second collective will further judicial expediency by preventing a multiplicity of suits by these plaintiffs.

    II.    *Plaintiff's Representativeness and Merits Evidence*

Defendant argues, in the alternative, that "individualized factual inquiries preclude certification[.]" ECF No. 27 at 1. In particular, Defendant contends that "different managerial staff, enforcement, computers, pay rates, and day-to-day work requirements undermine the commonality argued by Plaintiff." *Id.* at 9. Defendant also maintains that Plaintiff's declaration lacks personal knowledge as she "does not explain how she knows that all CSRs are taught or trained the same way" or "how she knows the way other call centers operate[.]" *Id.* Defendant states that the other declarations "contain almost identical, conclusory language" and that she does not present other documentary evidence in support of her allegations. *Id.* at 11. Defendant also argues that Plaintiff's allegations lack any factual basis, because they are contrary to Defendant's written policies. *Id.* Plaintiff, meanwhile, contends that her filings suffice to offer substantial allegations, which satisfy the "lenient burden" of this stage. ECF No. 24 at 11.

At this stage, the Court may consider several factors, including "whether potential class members: (i) have the same employer; (ii) are subject to the same employer practices; (iii) suffer the same method of calculation of wages owed; and (iv) allege FLSA violations based on the same conduct[.]" *Bustillos*, 310 F.R.D. at 664. The Court does not, however, "decide the merits of the underlying claims or resolve factual disputes." *Id.* at 647; *see also Deakin*, 328 F.R.D. at 433.

Here, the declaration of Plaintiff, as well as the other declarations attached to her Motion, support her description of job duties of hourly call-center employees and the Defendant's alleged requirement to perform work without pay prior to their official start times, as well as unpaid overtime. *See* ECF Nos. 24-1, 24-2, 24-3, 24-4, 24-5, 24-6, 24-7. Additionally, in her declaration Plaintiff states the basis on which she believes there are individuals with similar job duties who have been subject to Defendant's same policies. Specifically, in the declaration Plaintiff states that she knows that all CSRs "undergo the same initial training" and "receive the same basic instructions as to [Defendant's] policies and procedures" because her trainers "explained that this is what all Call-Center Employees are taught." ECF No. 24-1 at 3. She also states that she knows her coworkers "were required to work off-the-clock just as [she] did" based on her "conversations with other Call-Center Employees and [her] personal observations." *Id.* at 4. She explains that she "communicated and spent many hours with other CSRs at the Alamogordo call center" where she worked. *Id.* at 2.

Additionally, Declarant Elizabeth Gray states that she and the other employees at the Las Cruces call center followed the same policies and procedures as employees at Defendant's other call centers, including performing work without pay prior to their official start times, and working unpaid overtime. ECF No. 24-2 at 2–4. Trenton Brown and Kevin Campbell, who were also employed as CSRs at the Las Cruces call center, make similar assertions in their declarations. *See* ECF Nos. 24-3, 24-4.

These declarations also support Plaintiff's position that she is similarly situated to members of the potential collective action. ECF No. 24-1 at 1. Specifically, Plaintiff, Ms. Gray, Mr. Brown, Mr. Campbell, Mr. Moreno, and Ms. Padilla all share the same job title,

11

and allege similar job duties. *See* ECF Nos. 24-2, 24-3, 24-4, 24-6, 24-7. Each, for example, asserts that they handled inbound calls, answered general questions, and performed telephonic customer service support functions. *Id.* To the extent that Defendant argues the declarations contain "almost identical" language, ECF No. 27 at 11, this tends to support Plaintiff's allegations of "identical working conditions—and identical FLSA violations," ECF No. 28 at 2.

While Defendant contests the substance of these job responsibilities, the duties and descriptions in Plaintiff's exhibits and declaration adequately support her substantial allegations at this stage. *See Maestas v. Day & Zimmeramn*, LLC, No. 1:09-cv-019 WJ/SMV, 2013 WL 11311781, at *4 (D.N.M. Dec. 20, 2013) (granting conditional certification based exclusively on allegations in the amended complaint). Defendant's arguments about the nature of the job duties go to the merits of the case, and its arguments regarding Plaintiff's similarities to the other proposed collective members go to the second stage of certification. *See Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1313 (D.N.M. 2017). During the second stage, Defendant may offer its arguments about the distinctions between Plaintiff and the other employees; the substantive nature of the job duties is not at issue at this stage. *Id.*; *Deakin*, 328 F.R.D. at 435.

Plaintiff thus adequately alleges a requirement by Defendant to perform work without pay prior to employees' official start times, as well as unpaid overtime. ECF Nos. 22, 24; *see also Deakin*, 328 F.R.D. at 434. Plaintiff also adequately alleges that potential collective members, all of whom have the same employer, were subject to the same employer practices and suffered FLSA violations based on the same conduct. *See Bustillos*, 310 F.R.D. at 664. Plaintiff's Complaint, Motion, Reply, and attached exhibits

therefore meet the requirements for the first stage of collective action certification because Plaintiff has made substantial allegations that she, and individuals who share similar non-exempt job duties, were subject to the same policy requiring them to perform work without pay prior to their official start times, as well as unpaid overtime, and Plaintiff has offered adequate proof to support these allegations at this stage. ECF Nos. 22, 24. The Court will therefore grant conditional certification.

### III. Proposed Notice and Consent Form

Plaintiff has submitted a proposed consent and notice form that she requests the Court approve. ECF Nos. 24 at 12; 24-9. She states that the forms are based on forms previously approved by Tenth Circuit courts. ECF No. 24 at 12. Plaintiff initially asked that the Court adopt her proposed notice schedule, including a 90-day opt-in period, but later agreed to a 60-day opt-in period in her Reply. ECF Nos. 24 at 12, 17; 24-10; 28 at 7.

Defendant, meanwhile, argues that Plaintiff's proposed notice is "deficient and improper," because it "fails to provide important information about Defendant's denial of the allegations." ECF No. 27 at 12. Defendant does not object to a 60-day opt-in period. *Id.* Defendant further "proposes that the parties confer about the content and timing of any notice" in the event of conditional certification, or, in the alternative, that the Court allow additional briefing on the topic of the content of the forms. *Id.* at 13. Plaintiff argues, in turn, that Defendant could and should have addressed the substance of her notice in its Response, and that it "should not have a second opportunity to raise untimely objections and further delay the issuance of notice in this matter." ECF No. 28 at 8.

The local rules already require that a movant make a good-faith request for concurrence prior to filing a motion. *See* D.N.M.LR-Civ. 7.1(a). However, upon granting

conditional certification, it remains within the discretion of the Court to order parties to meet and confer regarding the form that notice will take. *See*, *e.g.*, *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-cv-580 KWR/KK, 2021 WL 5861184, at *10 (D.N.M. Dec. 10, 2021); *LeBlanc v. Halliburton Co.,* No. 2:17-cv-718 GJF/GBW, 2018 WL 3999567, at *2 (D.N.M. Aug. 21, 2018); *Medrano v. Flowers Foods, Inc.*, 1:16-cv-350 JCH/KK, 2017 WL 3052493, at *4 (D.N.M. July 3, 2017).

Here, it is not clear to the Court that the parties have previously conferred regarding the form of the notice, and the proposed schedule requires adjustment given the parties' new agreement to a 60-day opt-in period. The Court will therefore order Plaintiff to meet and confer with Defendant regarding the wording of a Proposed Notice, which shall include a 60-day opt-in period, and to file an updated Proposed Notice on the docket, along with an updated proposed schedule. Plaintiff shall indicate in a cover letter whether Defendant opposes.

Next, Plaintiff requests that the Court authorize notice via mail, email, text message and a posted notice, and the option to execute consent forms online via an electronic signature service. ECF No. 24 at 14, 16–17. Plaintiff also asks that the Court authorize a reminder notice via the same methods, and require Defendant to provide contact information for all potential collective members within seven days. ECF No. 24 at 18. Defendant does not raise any objection to Plaintiff's proposed notice methods, electronic signature service, or reminder. *See* ECF No. 27.

The Court finds that "notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved." *Calvillo*,

267 F. Supp. at 1315. The Court will therefore grant Plaintiff's requests, including its request to allow potential collective members to execute their consent forms online through an electronic signature service. The Court will, however, grant additional time for Defendant to provide contact information.

## CONCLUSION

The Court finds that the allegations in the Amended Complaint, ECF No. 22, supported by the arguments and evidence in the Motion, ECF No. 24, constitute substantial allegations that the putative collective members were, as a group, the victims of a single decision, policy, or plan resulting in violations of the FLSA. For the purpose of the Plaintiff's FLSA claim, this case is conditionally certified as a collective action on behalf of the following FLSA collective members:

> All hourly call-center employees who were employed by Thomas L. Cardella & Associates, Inc., in New Mexico, at any time from June 16, 2018 through the final disposition of this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Conditional Certification and Notice to the Putative Class Members, ECF No. 24, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court approves the requested notice methods. Defendant is directed to post the notice and consent forms at its call centers in plain view **within five (5) days** of an order finalizing said forms.

**IT IS FURTHER ORDERED** that Defendant shall disclose to Plaintiff's counsel the names, job title, start and end dates, last known addresses, email addresses, and telephone numbers of the potential plaintiffs in a computer-readable format by **August 26, 2022.**

**IT IS FINALLY ORDERED** that Plaintiff shall meet and confer with Defendant, and file an updated Proposed Notice by **August 26, 2022**. Plaintiff shall indicate in a cover page whether Defendant opposes the updated wording of the Proposed Notice. Defendant shall file its objections, if any, to the Proposed Notice by **September 9, 2022**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE