IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| GABRIELA MUÑOZ, individually and on behalf of all others similarly situated,  )  )  )  *Plaintiff*,  )  )  ) v.  )  ) THOMAS L. CARDELLA &  ) ASSOCIATES, INC.,  )  )  *Defendant*.  ) | Civil Action No. 2:21-cv-558-SMD-KRS |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion To Compel Discovery ("Motion") (Docs. 103, 105). Defendant filed a response (Doc. 106) and Plaintiff filed a reply (Doc. 107). The Motion therefore is ripe for ruling. For the reasons and on the terms set forth below, the Motion will be granted.

## BACKGROUND

On June 16, 2021, Plaintiff Gabriela Munoz filed a collective/class action complaint against Defendant Thomas L. Cardella & Associates alleging claims under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA"), and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 through 50-4-30. (Doc. 1). On August 16, 2022, the presiding trial judge granted Plaintiff's motion for conditional certification of a collective action pursuant to the FLSA, 29 U.S.C. § 216(b). (Doc. 30). Defendant was directed to post notice of the collective action and consent forms at its call centers by September 6, 2022 (Doc. 32). Between September 21, 2022 and November 22, 2022, Plaintiff provided notices of the filing of consents to join these proceedings by numerous similarly situated employees, *see* (Docs. 33-67).

A Scheduling Order was entered on March 8, 2023, setting a discovery deadline of January 2, 2024 (Doc. 78), with a settlement conference on October 16, 2023 (Doc. 79). Plaintiff served her first set of written discovery on Defendant on July 14, 2023, and Defendant served its initial responses on September 23, 2023. *See* (Doc. 101 ¶ 1). Because the parties had agreed to participate in an early settlement conference, Plaintiff agreed to stay Defendant's obligation to respond fully to the served discovery, and instead requested specific documentation and information that would allow Plaintiff to create a meaningful damage model on behalf of the class and collective. (*Id.*). In August 2023, however, the parties requested that the Court vacate the October 16, 2023 settlement conference to allow them time to resolve some discovery issues. (Doc. 83). Then, in October 2023, the parties jointly requested a sixty-day extension of expert report deadlines, stating that they were engaged in discussions regarding a potential resolution of this matter. (Doc. 86). Thereafter, the Court reset the settlement conference for April 9, 2024. (Doc. 89).

On January 5, 2024, the parties filed a joint stipulation to amend the Scheduling Order. The parties had conducted only limited discovery up until that point. As they explained to the Court, their lack of discovery efforts was due to their mutual hope that the case could be settled with minimal exchange of information, thereby avoiding the significant time and resources of engaging in full discovery and resolving discovery disputes. (Doc. 90). The Court accepted the parties' explanation and agreed to extend deadlines until after the April 9, 2024 settlement conference. (Doc. 91).

The April 9, 2024 settlement conference proved unsuccessful, and thereafter a new Scheduling Order was entered, with a discovery due date of January 24, 2025. (Doc. 98). That deadline was extended to April 28, 2025 (Doc. 102), pursuant to the Joint Motion to Modify Discovery Deadlines ("Joint Motion To Modify") filed on October 22, 2024 (Doc. 101).

Significant to the present Motion, the Joint Motion To Modify stated that Defendant was "working to produce" the following information for the collective members:

    a. their complete time and pay data, including data showing their "rounded" time;

    b. their log-in data;

    c. their badge-in data;

    d. documents contained in Defendant's emails/systems for communications containing the key words requested in Plaintiff's discovery [as well as a list of custodians searched];

    e. training and/or instructional documents either provided to Plaintiffs and the Putative Class Members or provided to those responsible for training Plaintiffs and the Putative Class Members; and

    f. the class list including the names, locations, and dates of employment for the Putative Class Members.

(*Id.* ¶ 5). The Joint Motion To Modify further represented that Defendant "*w[ould] complete its production [of] the above data by November 5, 2024.*" (*Id.* ¶ 6 (emphasis added)). Apparently that did not happen, however, leading to the present Motion.

Plaintiff filed the present Motion on November 26, 2024, three weeks after the November 5, 2024 date on which Defendant promised it would provide full production. The Motion seeks a court order to compel Defendant "to produce the outstanding discovery it has already represented to the Court it will produce," and set a new full production deadline of December 12, 2024. (Doc. 103 at 3). The Motion also asks the Court to order Defendant to amend its discovery responses "to identify, by bates number, which requests Defendant's document production is responsive to and whether and documents are being withheld." (*Id.*).

## DISCUSSION

**A.   Plaintiff Has Shown That An Order Compelling Defendant To Produce Documents Is Necessary And Appropriate.**

As an initial matter, the Court addresses Defendant's argument that the Motion should be denied because Plaintiff failed to attach the discovery requests at issue. *See* D.N.M. LR-Civ. 37.1. According to Defendant, "[a]lthough Plaintiff's Motion lists categories of documents that Defendant allegedly failed to produce, it does not specify the interrogatories and requests for production that remain incomplete." (Doc. 106 at 3). As Plaintiff argues in response, however, "[t]he parties are not fighting about *what* should be produced, instead the issue is *when*," because Defendant "has already agreed in writing (in a joint filing to the Court) to produce them." (Doc. 107 at 1 (emphasis in original) (citing the Joint Motion to Modify (Doc. 101), which outlines the categories of documents Defendant agreed to produce on or before November 5, 2024)). The problem appears to be that the parties have not joined issue on what documents from the promised categories are still missing. But that problem is not resolved by reference to interrogatories or requests for production previously served on Defendant. Those discovery requests predate the agreement reached on October 22, 2024 concerning categories of documents that Defendant would be producing.

As previously noted, the Joint Motion To Modify filed on October 22, 2024 identified six categories of documents that Defendant represented it was "working to produce." (Doc. 101 ¶ 5). There seems to be no dispute that Defendant did not meet its promised *full* production for these categories of documents by November 5, 2024. Defendant's only argument regarding its failure to meet the stated deadline seems to be that it only agreed "to *make every effort* to complete its production by November 5, 2024." (Doc. 106 at 2 (emphasis added)). But that is inaccurate. Defendant signed off on the Joint Motion To Modify, which included the representations that

4

Defendant "*will complete* its production [of] *the above data* by November 5, 2024." (Doc. 101 ¶ 6 (emphasis added). This Court then extended discovery deadlines based upon that representation, with an order that reiterated "Defendant has acknowledged that it *will* complete its production as described in the Motion on or before November 5, 2024." (Doc. 102 ¶ 1 (emphasis added)). Whatever difficulties Defendant now says it has encountered in meeting the deadline stated in the Joint Motion to Modify,[1] it is disingenuous for Defendant to suggest that it never *agreed* to produce the documents in question by that deadline. If Defendant encountered unanticipated difficulties, the proper response would have been to seek an extension, whether by agreement or through the filing of an appropriate motion.

In short, the Court agrees with Plaintiff that an order compelling Defendant to fully produce the agreed-to documents by a specific date should be entered to ensure there are no further delays in Defendant's production. The December 12, 2024 deadline suggested by Plaintiff in the Motion, however, was unrealistic given that it did not leave enough time for the Motion to be fully briefed and the Court to then rule on it. Plaintiff understandably chose a short deadline given that Defendant had already agreed to a full production by November 5, 2024. But the better approach is to set a realistic deadline that takes into account the estimated time Defendant thinks it will need

---

[1] Defendant complains about "the extent of information and resources required to extract the data," and asserts that it has "demonstrated in good faith its intention to complete the production." (Doc. 106 at 3); *see also id.* at 5 ("[Defendant] has not refused to provide the training and instructions documents and has conveyed that it is still in search of all training and/or instructional materials as well as the administrative burden associated with gathering this information for the massive collective, particularly with the limited resources of the Company at the administrative level"). The Court is not questioning Defendant's good faith in attempting to meet its commitment of full production by November 5, 2024, but has to wonder why it made the November 5, 2024 commitment in the first place. It should have had some sense of the size of the undertaking and administrative burden that would be imposed when it made that commitment. *See, e.g.,* (*id.* at 4 (asserting that Defendant "is still in search of all collective members' log-in data as well as [sic] the administrative burden associated with gathering this information for the collective, particularly with one person leading the search at the administrative level").

to complete production. After discussing that issue with Defendant's counsel at the most recent status hearing, the Court indicated, and reaffirms here, that Defendant should make full production of the documents in question by February 28, 2025.

> **B.     Defendant Must Identify The Documents Produced In Response To Each Category So That Plaintiff May Evaluate Whether Full Production Has Been Made.**

Defendant argues in response to the Motion that Plaintiff "fails to specify the information missing for any of the opt-in." (Doc. 106 at 3). But that is an incorrect statement. Plaintiff did explain what information she believed was still missing, at least as of the filing of her Motion. *See* (Doc. 103 at 2 fns. 2-7). What she failed to do, however, is confer with Defendant about those missing documents prior to bringing the Motion.[2] And she ignored the on-going nature of Defendant's production until her reply brief, which appears to concede some of the issues raised in the Motion are no longer in dispute. *See* (Doc. 107 at 3 (stating that Plaintiff "does not dispute [Defendant's] position regarding the status of discovery in most instances")).[3]

---

[2] Rule 37(a) of the Federal Rules of Civil Procedure requires that a motion to compel must include a certification that the moving party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The closest thing to a certification the Court is able to find in the current Motion is Plaintiff's statement that, "[a]fter multiple conferrals regarding the status of discovery, Defendant stated that it would complete its production on or before November 5, 2024." (Doc. 103 at 2). The conferral to which Plaintiff is referring, however, occurred prior to Plaintiff's filing of the Joint Motion on October 22, 2024. *See* (Doc. 107 at 2 n.1 ("*Prior to filing the Joint Motion to Modify Deadlines*, Plaintiff's counsel conferred with [Defendant's] counsel and advised that she intended to file a motion to compel." (emphasis added)). Presumably, Plaintiff believes that further conferral was not required prior to filing the present Motion because Plaintiff is merely "ask[ing] this Court to compel Defendant to produce the outstanding discovery it has already represented to the Court it will produce." (Doc. 103 at 3). That might make sense except that, in her reply, Plaintiff admits that Defendant's production has been on-going. *See* (Doc. 107 at 3 ("acknowledg[ing] that [Defendant] is continuing to produce documents to comply with its discovery obligations")). Further conferral therefore might have narrowed down the list of documents still to be produced.

[3] From what the Court can tell based on the written submissions, Plaintiff at the very least no longer disputes that she has received the requested log-in data (category b); that produced emails have

6

Federal Rule of Civil Procedure 34 gives the producing party the option to *either* indicate which produced documents are responsive to specific requests *or* produce the documents as they are kept in the ordinary course of business. *See* Fed. R. Civ. P. 34(b)(2)(E)(i). Defendant did not respond to Plaintiff's request in the Motion for a court order requiring Defendant to "indicate which produced documents are responsive to the specific requests." The Court finds that doing so would facilitate resolving this discovery dispute. Therefore, the Court will order Defendant to identify in writing to Plaintiff the documents it has produced that are responsive to each of the six categories listed in the Joint Motion To Modify.[4] Should Plaintiff believe there are still missing documents for any of the six categories, she should meet and confer with Defendant before filing any further motions to compel.

**ACCORDINGLY,** Plaintiff's Motion to Compel (Doc. 103) is **GRANTED** as follows:

1. Defendant is **ORDERED** to produce all documents responsive to the agreed categories set out in the Joint Motion To Modify (Doc. 101) by **February 28, 2025.** If Defendant encounters any unforeseen circumstances that would prevent it from meeting this deadline, Defendant shall—**prior to expiration of the deadline**--either reach an agreement with Plaintiff to extend the deadline, or file a motion setting forth good cause for the Court to grant an extension notwithstanding Plaintiff's lack of consent.

2. On or before **January 29, 2025**, Defendant must provide Plaintiff with a written statement identifying the documents it has already produced that are responsive to each of the six

---

now been provided in native format as requested (category d); and that Defendant has now produced an updated class list (category f).

[4] Defendant does *not* have to amend its original written discovery responses with this information, since the original discovery requests presumably were broader than the agreed-to production in the Joint Motion To Modify, and only the latter is at issue here.

categories of documents set forth in the Joint Motion To Modify. Defendant shall provide Plaintiff with a similar written statement simultaneously with any future productions Defendant makes. Plaintiff shall promptly respond in writing to Defendant's written statement(s) by identifying in writing for Defendant any categories for which Plaintiff believes production has been inadequate or deficient. Following this exchange, the parties are directed to meet and confer in an attempt to reach an agreed resolution of any disagreements, prior to filing any motions to compel and/or for protective order.

    IT IS SO ORDERED this 22nd day of January, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE