IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELA MUNOZ, *individually and*
*on behalf of all others similarly situated*,

    Plaintiffs,

v.  No. 2:21-cv-558 SMD/KRS

THOMAS L. CARDELLA & ASSOCIATES, INC.,

    Defendant.

## SCHEDULING ORDER

**THIS MATTER** is before the Court on consideration of the parties' jointly Proposed Amended Scheduling Order (Doc. 124). The Court hereby adopts the parties' jointly Proposed Amended Scheduling Order, with slight modifications, as reflected in the dates below. Considering the nature of this case, the Court sets deadlines in two Phases: Phase I includes discovery deadlines for final class/collective action certification purposes, as well as briefing deadlines for final class/collective action certification/decertification motions. Phase II includes discovery deadlines and motions deadlines for merits issues. While Phase I should focus on class/collective action certification issues, it is anticipated that there will be some overlap with merits issues, which is allowed provided the discovery is pertinent to an issue for final class/collective action certification.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

    **A.    Phase I: Final Class/Collective Action Certification**

1.    All factual discovery and depositions for issues related to final class/collective action certification commenced in time to be completed by **September 15, 2025**.

2. Discovery motions for fact discovery related to class/collective action certification due by **September 22, 2025**.

3. Reports from retained experts under Rule 26(a)(2) for issues related to class/collective action certification due:

    (a) from Plaintiff(s) by **October 20, 2025**.

    (b) from Defendant(s) by **November 24, 2025**.[1]

4. Expert discovery related to class/collective action certification due by **December 8, 2025**.

5. Discovery motions for expert discovery related to class/collective action certification due by **December 15, 2025.**

6. Supplementation due **within thirty (30) days of receipt of information giving rise to need to supplement.**

7. Plaintiffs' motion for final class/collective action certification and/or Defendants' motion for decertification of conditional class/collective action due by **December 30, 2025.**

8. Defendant's Response to Plaintiffs' motion for final class/collective action certification and/or Plaintiffs' Response to Defendants' motion for decertification of conditional class/collective action due **January 13, 2026**.

9. Plaintiffs' reply in support of class/collective action certification and/or Defendants' reply in support of motion for decertification of conditional class/collective action due **January 27, 2026**.

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

B.    **Phase II: Merits Discovery**

10.    If the Court denies Plaintiffs' motion for final class/collective action certification and/or grants Defendant's motion for decertification of conditional class/collective action, the parties, shall meet and confer within **fourteen (14) days** of the class/collective action order to discuss scheduling order deadlines for merits issues related to the remaining claims of the named plaintiff(s), including deadlines for:

  (a)    Merits fact discovery on named Plaintiff(s)' claims;

  (b)    Merits expert disclosure deadlines and depositions for named Plaintiff(s)' claims;

  (c)    All other motions[2] on merits issues concerning named Plaintiff(s)' claims.

11.    If the Court grants Plaintiffs' motion for final class/collective action certification, and/or denies Defendant's motion for decertification of conditional class/collective action, the parties shall meet and confer within **fourteen (14) days** of the class/collective action order to discuss scheduling order deadlines for merits issues related to the certified class, including deadlines for:

  (a)    Class-wide merits fact discovery and depositions;

  (b)    Merits expert disclosure deadlines and depositions for class-wide claims;

  (c)    All other motions[3] on class-wide merits issues.

---

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at https://www.nmd.uscourts.gov/judges. Each judge may have practices and submission procedures that counsel are expected to follow.

[3] *See* note 2.

12. The parties shall submit a proposed scheduling order within **seven (7) days** of the parties' conference under either paragraph 10 or 11.

13. Pretrial order:  **To be set by the presiding judge.**

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

SO ORDERED THIS 28th day of May 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE